## MULLEN v. HALL et al.

(Supreme Court, Appellate Term.　June 28, 1906.)

1. PLEADING—DEFINITENESS—MOTION.

　　In an action for negligence the complaint charged that the accident was caused solely through defendants' negligence in failing to properly instruct and warn plaintiff with reference to operating a machine; in failing to provide plaintiff with a safe place to work; in failing to provide safe and suitable machinery, in that the machine was unsafe and not kept in repair; in failing to provide the machine with suitable guards; in failing to employ competent superiors; in failing to comply with the laws of the state applicable to factories, in that defendants did not exercise the care, etc., imposed on them by law; that they knew of plaintiff's inexperience, of the dangerous machinery, its unguarded and defective condition, the insecure and dangerous place provided for plaintiff to work in; and that plaintiff in no wise contributed to the accident.　*Held* to sufficiently allege the various acts of negligence, and was not, therefore, subject to a motion to make more definite and certain, authorized by Code Civ. Proc. § 546.

2. SAME—BILL OF PARTICULARS.

    Defendants' remedy to obtain the details and a more particular state-ment · of plaintiff's claim, with a view to limiting the issues at the trial, was by application for a bill of particulars.

    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 949–952.]

Appeal from City Court of New York.

Action by Charles E. Mullen against Charles Hall and another. From an order of the New York City Court, denying defendants' motion to make the complaint more definite and certain, they appeal. Affirmed.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

George H. Taylor, Jr., for appellant.
Jacob Frank, for respondent.

LEVENTRITT, J. The action is for damages for personal injuries sustained by the plaintiff while working in the factory of the defendants as their employé. After setting out the relation of the parties and the happening of the accident, the plaintiff describes the defendants' negligence in paragraph fourth of the complaint as follows:

"Fourth. That the accident was caused solely through the carelessness and negligence of the defendants, in that the defendants failed to properly instruct or warn the plaintiff with regard to the difficulties and dangers in operating said machine; in that the defendants failed to provide the plaintiff with a saf place to work in; in that the defendants failed to provide the plaintiff with safe, proper, and suitable machinery and appliances; in that the said machine and the apparatus connected therewith, furnished by the defendants, was unsafe and improper, and was not constructed and kept in a state of repair so as to give proper protection to the life and limb of the persons so engaged thereon; in that the defendants failed to provide said machinery wtih proper and suitable appliances which would protect the life and limb of persons working on it; in that the defendants failed to employ competent superiors; in that the defendants failed to comply with the laws of the state of New York applicable to factories; and in that the defendants failed to exercise the care, caution, and prudence imposed upon them by the law of this state, required by reason of the character and nature of the work in which the plaintiff was then engaged, and that the defendants knew of said inexperience of plaintiff, and of the dangerous machinery and its unguarded and defective condition, and the insecure and dangerous place which the defendants provided the plaintiff to work in, and the plaintiff in no wise contributed to the happening of said accident."

The defendants, claiming that they were not thereby sufficiently apprised of the acts of negligence with which they were charged, sought by motion to require the plaintiff to make that paragraph of the complaint definite and certain in nine respects, enumerated as follows:

"(1) The difficulties and dangers attending the operation of the machine alleged in said paragraph of the complaint are not specified.

"(2) The respect in which the defendants failed to provide plaintiff with a safe place to work in is not specified.

"(3) The respect in which the plaintiff was not furnished by the defendants with safe, proper, and suitable machinery and appliances, and the respect in which the said a machinery and appliances was not safe, proper, and suitable, is not specified.

"(4) The respect in which the machine and apparatus was unsafe and improper and not properly constructed and kept in a state of repair is not specified.

"(5) The respect in which the machinery and appliances were not proper and suitable is not specified.

"(6) The respect in which the superiors of the plaintiff, employed by the defendants, were not competent is not specified.

"(7) The respect in which the defendants failed to comply with the laws of the state of New York applicable to factories is not specified.

"(8) The respect in which defendants failed to exercise the care, caution, and prudence imposed upon them by the laws of this state is not specified.

"(9) The respect in which the machinery was dangerous and unguarded and defective, and the place where plaintiff worked was insecure and dangerous, is not specified."

From an order denying their motion, this appeal is taken.

The defendants have misconceived their remedy. It is only where a pleading is so indefinite and uncertain that the precise meaning or application thereof is not apparent that its definiteness and certainty are open to criticism. Here the complaint informs the defendants with unusual precision of the various acts of omission and commission for which the plaintiff intends to hold them accountable. The purpose of the Code provision here invoked (section 546) is to enable an adverse party to plead safely and intelligently. That the defendants can certainly do to the pleading served. They do not require the details demanded for the purposes of their answer, though they may for the purposes of the trial. What they really want is a more particular statement of the plaintiff's claim, with a view to protecting themselves against surprise, and limiting the issues at the trial. A bill of particulars will supply that want. Application therefor after issue joined is the proper remedy.

Order affirmed, with costs and disbursements. All concur.